UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel.*
JAMES MARCHESE,

          Plaintiff,

    v.

CELL THERAPEUTICS, INC., et al.,

          Defendants.

No. C06-168 MJP

ORDER RE: ATTORNEY FEES

This matter comes before the Court on Mr. Marchese's motion for attorney fees and costs. (Dkt. No. 137.) After reviewing the motion, Defendant Cell Therapeutics, Inc.'s ("CTI") response (Dkt. No. 144), Mr. Marchese's reply (Dkt. No. 151), CTI's surreply (Dkt. No. 155),[1] CTI's motion to strike (Dkt. No. 156), Mr. Marchese's response to that motion (Dkt. No. 161), CTI's reply (Dkt. No. 164), CTI's supplemental response to the motion for fees and costs (Dkt. No. 166), Mr. Marchese's notice regarding that supplemental response (Dkt. No. 168), and all papers submitted in the support thereof, the Court GRANTS the motion, and imposes the restrictions described below.

---

[1]The Court need not address the substance of CTI's surreply because it did not rely on the contested material in reaching its decision.

**Analysis**

As a prevailing relator in this qui tam action brought under the False Claims Act, Mr. Marchese is entitled to reasonable attorneys' fees. 31 U.S.C. § 3730(d). To calculate the fees, this Court uses the lodestar approach, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Mr. Marchese must provide evidence justifying the hours worked and the claimed rates, and must show that both are reasonable. Id.

1. Attorney Fees

To determine the reasonable billing rate, the Court generally looks to "the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). The Court disagrees with Mr. Marchese's assertion that the nature of this case justifies a higher billing rate than that charged in Seattle. (Mtn at 7.) Indeed, to assist his case, Mr. Marchese hired the local firm of McKay Chadwell, which practices in the field of "civil false claims and qui tam litigation." (Dkt. No. 140 at 81.) The Court will use the McKay Chadwell rates when calculating Mr. Marchese's attorney fees. (See Dkt. No. 140 at 5.) The hourly rate for partners will be $375/hour, the hourly rate for associates will be $250/hour, and the hourly rate for paralegals and other personnel will be $120/hour.[2] (See Trunko Decl. at 10.)

Second, the Court must determine the number of reasonable hours expended on this litigation. This Court will not award fees for litigation activity that is unrelated to the qui tam litigation against CTI because those fees are not related to the issues on which Mr. Marchese prevailed and therefore do not fall under the statutory attorneys' fee provision. For this reason, Mr. Marchese is not entitled to attorney fees that: (1) were incurred after the settlement with CTI, including the relator's share hearing; (2) relate to the prosecution of defendants other than CTI; and (3) relate to Mr. Marchese's

---

[2]McKay Chadwell identifies two associates who worked on this action and assigns each associate a different rate: one bills at $195/hour, and the other at $250/hour. McKay Chadwell is only entitled to the fees that it originally requested.

1  employment claims against CTI.  Further, Mr. Marchese has not shown that hours expended in

2  connection with efforts to retain co-counsel are reasonable.  Mr. Marchese's original counsel,

3  Nicholas Leonardis, submitted a request for $61,781.25 for fees related to retaining co-counsel, and

4  co-counsel, Milberg LLP, requests $3,156.25 for the same purpose.  (See Trunko Decl. Ex. B- 2.)

5  Given Mr. Leondardis's extensive litigation experience and familiarity with the legal community in

6  New York, the Court finds that the amount spent to retain co-counsel, nearly $65,000 in total, is

7  excessive and will not be awarded.  (See Dkt. No. 139 at 1-2.)

8          The Court will allow an award of fees for time spent defending Mr. Marchese against criminal

9  liability because those efforts necessarily relate to the qui tam action.  The Court acknowledges that

10  Mr. Marchese was required to present his position to the government and demonstrate that he should

11  not be considered a target of the investigation in order to assist the government in its prosecution.

12          The Court therefore grants an award of attorney fees to be calculated by multiplying the total

13  number of allowable billed hours by the appropriate hourly rate of $375/hour for partners, $250/hour

14  for associates, and $120/hour for paralegals and other personnel.  Relying on CTI's expert report, the

15  Court calculates these fees as follows:  (1) Mr. Leonardis is awarded $344,503.12; (2) Milberg LLP

16  is awarded $198,290.94; and (3) McKay Chadwell is awarded $13,975.  (See Trunko Decl. at Ex. B-

17  2.)

18          2.  Costs and Expenses

19          Mr. Marchese is also entitled to reasonable costs under 31 U.S.C. § 3730(d).  Because the

20  Court finds these charges unreasonable, Mr. Marchese's submitted costs shall be recalculated to

21  exclude:  (1) photocopying charges in excess of 15 cents per page; and (2) any meals charged while

22  counsel were not traveling.  Additionally, the Court will not grant Mr. Leonardis's request for

23  $24,125.50 in costs related to an outside trial consultant.  (See Trunko Decl. at Ex. B-2.)  As stated in

24  his declaration, Mr. Leondardis is a highly experienced civil trial attorney with over fifteen years of

25

1    experience as a trial lawyer and the Court finds his request for charges related to an outside trial

2    consultant excessive and unreasonable.  (See Dkt. No. 139 at 1-2.)

3           Finally, because this is a qui tam action, the Court also finds that all submitted costs related to

4    travel, including lodging, meals and incidentals, shall be capped at the per diem rate allowable for

5    government attorneys.  The current maximum per diem rate for King County, Washington is $222.

6    http://www.gsa.gov (follow "Per Diem Rates" hyperlink) (last visited November 18, 2008).  The

7    Court hereby directs the parties to recalculate the submitted costs in accord with the limitations

8    described above.

9           3.  Fees on Fees

10          As an initial matter, the Court grants CTI's motion requesting an opportunity to address the

11   additional $216,946 for "fees on fees" submitted by Mr. Marchese in his reply brief.  (Dkt. No. 156.)

12   The amount requested for preparation of this fee application shocks the Court.  A fee request that is

13   supported by simple affidavits and well-kept records should not be a major piece of litigation as the

14   law in this area is not new or complex.  The type of excess demonstrated by Mr. Marchese's

15   attorneys cannot be tolerated simply because their opponents are required to pay the bill.  CTI has a

16   right to respond to the request for "fees on fees" and the Court has considered the substance of CTI's

17   response (Dkt. No. 166) in reaching its decision.

18          Mr. Marchese's fee request for work related to this motion shall be recalculated as follows:

19   (1) to reflect the local billing rate used by the firm of McKay Chadwell as described above; and (2) to

20   exclude time billed by Nicholas Leonardis for "E-mails with counsel" because the time entries are

21   insufficiently descriptive (see Dkt. No. 152 at 33-37).  The Court further finds that attorneys from

22   Milberg LLP billed an excessive amount of time, nearly 235 hours, in preparing this motion.  The

23   substance of the motion does not justify the number of hours, and, with efficient and organized time-

24   keeping methods, Mr. Marchese's attorneys should have been able to easily access and compile their

25   timesheets and prepare their declarations.  As such, Milberg LLP's allowable "fees on fees" shall be

ORDER - 4

calculated using the total number of hours billed by the one partner and one associate who billed the most hours on the fees motion.

### Conclusion

The Court hereby grants an award of attorney fees as follows:  (1) Mr. Leonardis is awarded $344,503.12; (2) Milberg LLP is awarded $198,290.94; and (3) McKay Chadwell is awarded $13,975.00.  The parties are directed to meet and confer and recalculate the submitted costs and request for "fees on fees" based on the Court's directions.  Within ten days of the date of this order, the parties must submit a stipulation and proposed order that includes the final amount of attorney fees, costs and "fees on fees" and a deadline for CTI to remit those amounts to Mr. Marchese and his attorneys.

The clerk is directed to send a copy of this order to all counsel of record.

Dated:   November 18, 2007

Marsha J. Pechman
U.S. District Judge