UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel.* JAMES MARCHESE,

Plaintiff,

v.

CELL THERAPEUTICS, INC., et al.,

Defendants.

No. C06-168 MJP

ORDER ON MOTION FOR RECONSIDERATION

This matter comes before the Court on CTI's motion for reconsideration of the Court's order regarding attorneys' fees. (Dkt. No. 170.) After reviewing the motion, Relator's response (Dkt. No. 175), CTI's reply (Dkt. No. 177), and the balance of the record, the Court hereby GRANTS the motion for the reasons set forth below.

In its November 18, 2008 order, this Court found the total request for "fees on fees" shocking and found that the amount of time billed by attorneys from Milberg LLP was excessive. (Dkt. No. 169 at 4.) The Court intended to substantially reduce the number of hours allowable to Milberg LLP when it limited reimbursement to "the total number of hours billed by the one partner and one associate who billed the most hours on the fee motion." (Dkt. No. 169 at 5.) At the time, the Court was not aware of how much this formula would reduce Milberg LLP's total fees on fees. CTI's

ORDER - 1

calculation, which Relator does not contest, indicates that the Court's formula would still award Milberg LLP 89% of its total requested hours. This number does not comport with what the Court believes to be acceptable for the preparation of a fee application; as stated previously, "[a] fee request that is supported by simple affidavits and well-kept records should not be a major piece of litigation as the law in this area is not new or complex." (Dkt. No. 196 at 4.)

The Court finds that CTI's proposal for calculating Milberg LLP's fees on fees is rational and appropriate. Milberg LLP will be entitled to fees on fees at the same percentage as their success on the motion itself. CTI calculates this amount to be 42.5%, or $77,382.94. (Dkt. No. 170 at 3.) The Court does not find it necessary to reduce the fees on fees requested by McKay Chadwell or to further reduce the fees on fees requested by Mr. Leonardis.

Relator argues that the reduction in Milberg LLP's fees will "improperly reward CTI for its excessive discovery practices during the fee litigation." (Dkt. No. 175 at 3.) The Court reminds Relator that the Court was forced to order compliance with discovery requests and that the production of well-kept timekeeping and billing records should not be overly burdensome. (See Dkt. No. 141.)

The parties are now directed to meet and confer and recalculate the "fees on fees" based on the Court's directions. Within fourteen days of the date of this order, the parties must submit new a stipulation and proposed order that includes the final amount of attorney fees, costs and fees on fees. The Court hereby strikes the previous stipulation filed by the parties. (Dkt. Nos 171 & 172.) Once the Court signs the new proposed order, it will serve as an enforceable judgment for payment, the execution of which is determined by state and federal law.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: December 17, 2008

*/s/ Marsha J. Pechman*
Marsha J. Pechman
U.S. District Judge

ORDER - 2